**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**DAWN MASSEY,**
**individually and on behalf of all others**
**similarly situated,**

        **Plaintiff,**

        **-against-**

**ON-SITE MANAGER, INC.,**

        **Defendant.**
-----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUN 0 1 2011 ★
BROOKLYN OFFICE

CV 11 - 2612

**CLASS ACTION**
**COMPLAINT**

SUMMONS ISSUED

COGAN, J.

The plaintiff **DAWN MASSEY** (hereafter the "plaintiff" or "Ms. Massey") by her attorneys Fishman & Mallon, LLP, as and for her complaint against the defendant **ON-SITE MANAGER, INC.** (hereafter the "defendant" or "On-Site") alleges, upon information and belief, except those allegations which directly relate to plaintiff herself, which are alleged upon personal knowledge, as follows:

### PRELIMINARY STATEMENT

1.  This is an action for actual, statutory and punitive damages brought pursuant to 15 U.S.C. § 1681, *et seq.* ("Fair Credit Reporting Act" or "FCRA") and actual and punitive damages and injunctive relief brought pursuant to the New York Fair Credit Reporting Act ("NYFCRA") [General Business Law ("GBL") Art. 25, §§ 380, *et seq.*]

1

brought by the plaintiff on behalf of herself and all others similarly situated.

2. It is On-Site's policy and routine practice to prepare and issue consumer reports which contain information about possessory civil judgments arising from judicial eviction proceedings which were issued more than seven years before the date of the report, in violation of applicable provisions of Federal and State law.

3. On-Site's practice of illegally including such obsolete and outdated information harms consumers who are seeking to obtain rental housing.

As a consequence of On-Site's failure to ensure that the information in its reports is accurate, and not legally obsolete, individuals, like the plaintiff herein, can be, and have been, unfairly and improperly denied the opportunity to obtain rental housing.

4. On-Site's actions, and omissions have been undertaken in utter disregard for its clear and unequivocal legal obligation to ensure that its reports are complete, accurate and not misleading. Unless restrained and enjoined, On-Site's practices and conduct will continue to harm consumers.

**PARTIES**

5. Ms. Massey is a natural person over the age of eighteen

2

years residing in Queens County, City and State of New York.  Ms. Massey is a "consumer" within the meaning of 15 U.S.C. § 1681a(c) and GBL § 380-a(b).

6. On-Site is a California corporation whose principal place of business is located at 2465 Latham Street Suite 301 Mountain View, California 94040.  The defendant regularly does business in the County of Kings in the City and State of New York.

## JURISDICTION AND VENUE

7.    This Court possesses original jurisdiction of this matter pursuant to 28 U.S.C. § 1331 insofar as the plaintiff brings claims arising under the FCRA, and it possesses supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367.

8.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), insofar as the acts and transactions that give rise to this action occurred, in substantial part, in this District.  Venue is also proper in this District since the Defendant can be found in, has agents in and/or transacts business in this District.

## CLASS ALLEGATIONS

9.  This action is brought, and may properly be maintained as, a class action pursuant to Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.  Plaintiff brings this action on behalf of herself

3

and all members of a class (the "Class"), consisting of all persons who were the subject of a consumer report, prepared within two years prior to the initiation of this action, which included a possessory judgment arising from a judicial eviction proceeding which predated such report by more than seven years.

10. The requirements of FRCP Rules 23(a) and 23(b)(2) are met in that:

a. Rule 23(a)(1) Numerosity - The Class for whose benefit this action is brought is so numerous that joinder of all class members is impracticable. Plaintiff believes that the Class, as described above, consists of thousands of individuals, although the exact number and identity of individual class members are presently unknown, and can only be ascertained through appropriate discovery.

b. Rule 23(a)(2) Commonality - There are no individual issues in this case. All of the legal and factual issues in this class action are common to each proposed class member; including:

i. Whether On-Site is a credit reporting agency within the meaning of the FCRA and the NYFCRA;

ii. Whether On-Site has maintained consumer records with respect to judicial proceedings seeking the eviction

4

of individuals from residential housing and, if so, whether On-Site has failed, and continues to fail, to maintain policies and procedures for ensuring that those records are not used to create or prepare consumer reports containing possessory judgments arising from judicial eviction proceedings which predate such reports by more than seven years;

iii.   Whether On-Site has prepared, and continues to prepare, consumer reports for sale or provision to third-parties which include possessory judgments arising from judicial eviction proceedings without maintaining policies and procedures for ensuring that those reports   contain information which is not legally obsolete;

iv.   Whether On-Site's actions have violated, and continue to violate 15 U.S.C. § 1681e(a) and § 1681(c)(a)(2) and/or New York General Business Law § 380-j(e), § 380-j(f)(ii) and New York General Business Law § 380-k;

v.   Whether On-Site's alleged violations of law have been negligent and/or willful;

vii.   Whether plaintiff and the Class are entitled to injunctive relief as a result of On-Site's alleged violations

of law?

viii.  Whether plaintiff and the Class are entitled to statutory and/or punitive damages as a result of On-Site's alleged violations of law?

c.  Rule 23(a)(3) Typicality - Plaintiff's claims are typical of the proposed class members' claims inasmuch as all such claims arise out of On-Site's alleged failure to insure that the consumer reports it prepares do not include legally obsolete possessory judgments, as required by federal and state law.

d.  Rule 23(a)(4) Adequacy of Representation - Plaintiff can and will fairly and adequately represent and protect the interests of the proposed class.  Plaintiff has no interests antagonistic to the interests of the other members of the Class.  Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel with substantial experience in representing plaintiffs in class actions and consumer litigation, including actions brought under the FCRA, the NYFCRA and the DPA as well as tenants in eviction proceedings.  Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

11.  Without the representation provided by plaintiff, and

6

without this action proceeding on a class-wide basis, On-Site will not change its wrongful conduct and ongoing practices and virtually no proposed class member would be able to obtain the relief sought herein because the claims are unknown to most consumers, and, even if known, are cost prohibitive to pursue because of the burden and expense of showing the systematic and regular nature of its failure to comply with applicable law.

12.   Rule 23(b)(2) - Certification is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure because On-Site has acted on grounds generally applicable to the proposed classes, thereby making appropriate final injunctive relief  with respect to the class as a whole.  Plaintiff seeks   injunctive relief requiring On-Site to implement company policies designed to prevent the wrongful activities described herein and for whatever further equitable relief the Court deems appropriate to remedy the wrongful actions that have already taken place.

13.  Rule 23(b)(3) - Certification is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law or fact common to class members predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating the

controversy.

14.  In addition, the class members will likely have little interest in individually controlling the prosecution of separate actions, there is no known current litigation by any members of the class against the defendant based on the claims asserted herein and there would be few, if any, difficulties in managing this case as a class action.

## GENERAL FACTUAL ALLEGATIONS

15.  On-Site is engaged in the business of, *inter alia*, preparing and selling reports to prospective landlords about persons applying to rent residential apartments

16.  The reports prepared and sold by On-Site are "consumer reports" as defined by both the FCRA, 15 U.S.C. § 1681a(d), and the NYFCRA, GBL § 380-a(c).  Thus, On-Site is a "consumer reporting agency" within the meaning of FCRA, 15 U.S.C. § 1681a(f), and the NYFCRA, GBL § 380-a(e).

17.  One of the court sources from which On-Site has obtained, and  continues to obtain, case information, in electronic form, for inclusion in its database is the New York City Housing Court (the "Housing Court").  Pursuant  to an agreement with the New York Unified Court System ("UCS"), On-Site paid $34,650.00 to the UCS for the purchase of information about eviction proceedings filed with

the Housing Court for the period of 2009-2010.  On-Site has been purchasing such electronic case information from UCS since at least 2002.

18.  On-Site's database contains information about hundreds of thousands of New York City Housing Court eviction proceedings which it purchased from UCS.  In addition, On-Site's database contains information about hundreds of thousands of eviction proceedings filed in similar courts throughout the United States.

19.  On-Site does not, as a routine policy and practice, in preparing consumer reports, request, purchase, or obtain copies of any actual documents filed in any such Housing Court in connection with any proceeding before it.

20.  On-Site's data collection policy, practice and procedure employed in preparing consumer reports does not routinely include sending any employee, agent or representative to the office of any clerk of any court to view any court files or documents filed with that court.

21.  In preparing consumer reports On-Site's routine policy and practice has been, and continues to be, to obtain information about the initial filing of judicial eviction proceedings.  In addition, On-Site routinely obtains additional information in electronic format from

UCS about events occurring in such proceedings after the time of initial filing.

22.  On-Site does not have any procedure in place to periodically reevaluate its database to determine whether information it maintains concerning judicial eviction proceedings has become obsolete.

23.  In the alternative, On-Site has a procedure in place to determine if information contained in its database is currently obsolete or will become obsolete on a specific date but it routinely fails to follow that procedure by failing to keep such obsolete information from appearing in consumer reports it prepares.

24.  As a result of On-Site's failure to regularly update its database to exclude information about possessory judgments that predate the preparation of consumer reports by more than seven years, such reports have contained, and continue to contain, numerous possessory judgments which are obsolete, as a matter of law.

## FACTUAL ALLEGATIONS PERTAINING TO THE PLAINTIFF

25.  The plaintiff's particular circumstances are typical of how On-Site's practices impact consumers whose credit reports On-Site prepares and disseminates to third parties.

10

26. On or about September 16, 2002, Ms. Massey was sued in a summary holdover eviction proceeding in the Civil Court of the City of New York, County of Kings in a case entitled *Hernandez v. Massey*, Index No. L&T 93357/02. (the "eviction proceeding")

27. The petition in the eviction proceeding alleged that Ms. Massey's tenancy at 1543 Broadway Apt. 2R Brooklyn, NY had been terminated on September 8, 2002 and that she had failed to vacate the subject apartment after the expiration of the tenancy.

28. The petition requested a judgment awarding possession of the subject apartment to the landlord as well as a money judgment for alleged rent arrears in the amount of $1100.00.

29. Ms. Massey had already vacated the subject apartment long before the commencement of the eviction proceeding. As a result, she did not receive any notice of its commencement as the landlord only served notice of the proceeding at the subject apartment.

30. On October 31, 2002 the court awarded the landlord a possessory judgment against Ms. Massey, on default. The court expressly declined to award a money judgment to the landlord and that claim was dismissed.

31. Ms. Massey was not given any notice of the issuance of the possessory judgment.

32. In or about November 2010, over eight years after the issuance of the possessory judgment, Ms. Massey applied to rent an apartment at 86-02 Forest Parkway Queens, NY from Vantage Management Services. ("Vantage")

33. Vantage is, or was in November 2010, a customer of On-Site.

34. In connection with Ms. Massey's application, Vantage obtained a consumer report about her from On-Site, dated November 18, 2010. (the "Report")

35. Under the heading "Evictions" in the Report, On-Site advised Vantage that Ms. Massey had been named in a "Forcible Entry Detainer" case in "Kings" court, brought by Zaida Hernandez, with case number "20020093357" and that on October 31, 2002 a "Judgment for Plaintiff" had been obtained.

36. The "Evictions" section of the Report did not include information about any other case involving Ms. Massey.

37. The Report also included fields for "Judgment Amount," "Status," "Notice Type," "Amount Paid," "Defendant SSN(s)," "Comments," and "Plaintiff Phone #" all of which were blank.

38. The report was a "consumer report" or a "credit report" within the meaning and definition of 15 U.S.C. § 1681a(d) and NYFCRA § 380-a(c).

39. Shortly after On-Site provided the report, Vantage prepared and sent a "Notice of Denial to Rent" to Ms. Massey advising that her application to rent the apartment was denied based in whole or in part upon information obtained from On-Site.

## AS AND FOR A FIRST CAUSE OF ACTION
## Violation of 15 U.S.C. §§ 1681e(a) and 1681(c)

40. Plaintiff repeats and realleges each paragraph set forth above as if fully set forth herein.

41. 15 U.S.C. § 1681e(a) provides, in pertinent part:

"Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 1681(c) of this title..."

42. 15 USC § 1681(c) (a)(2) provides, in pertinent part:

"...no consumer reporting agency may make any consumer report containing any of the following items of information

(2) ...civil judgments...that, from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period."

43. There is no "governing statute of limitations" for the possessory judgment issued against Ms. Massey. Accordingly, On-Site

was barred by 15 USC § 1681(c) (a)(2) from reporting the judgment more than seven years after it was issued.

44. As previously set forth herein, when preparing consumer reports, including those of plaintiff and of the Class herein, On-Site has lacked, and today continues to lack, any reasonable procedures designed to avoid violation of 15 USC § 1681(c) because it routinely prepares consumer reports containing possessory judgments which antedate the date of such reports by more than seven years. Accordingly, On-Site's activities have violated, and today continue to violate, 15 U.S.C. § 1681e(a) and USC § 1681(c).

45. As a result of its knowledge of its responsibilities under the FCRA, On-Site's failure to comply with §§ 1681e(a) and 1681(c) as to plaintiff and the Class has been intentional and willful, or, at the very least, negligent.

46. As set forth hereinbefore, as a result of On-Site's violation of § 1681e(a) and 1681(c), plaintiff was harmed to her detriment, and is entitled to recover actual damages for On-Site's violation of the FCRA pursuant to 15 USC § 1681n in an amount between $100 and $1000 in addition to the other relief set forth below.

47. In order to punish such conduct by On-Site, and to deter On-Site and others from engaging in similar practices hereafter,

plaintiff and the Class are entitled to an award of punitive damages, pursuant to 15 U.S.C. § 1681n, to be distributed to plaintiff and the Class in the manner directed by the Court, as well as the other relief as set forth below.

48.  In addition, the plaintiff and the Class are entitled an award of statutory attorney's fees pursuant to 15 U.S.C. § 1681n and/or 1681o.

## AS AND FOR A SECOND CAUSE OF ACTION
## Violation of New York General Business Law §§ 380-j and 380-k

49.  Plaintiff repeats and realleges each allegation set forth in paragraphs 1-53, above, as if fully set forth herein.

50.  GBL § 380-j(f)(ii) provides, in pertinent part:

"...no consumer reporting agency may make any consumer report containing any of the following items of information.

(ii) judgments, which, from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period..."

51.  GBL § 380-k provides, in pertinent part:

"Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section....three hundred

eighty-j of this article..."

52. On-Site routinely prepares consumer reports, including those of the plaintiff and the Class herein, which include possessory judgments whose entry antedates the report by more than seven years, in violation of GBL § 380-j(f)(ii).

53. In addition, when preparing consumer reports, including those of plaintiff and the Class herein, On-Site has lacked, and today continues to lack, any reasonable procedures to designed to avoid violation of GBL § 380-j(f)(ii).  51. As a result of its knowledge of its responsibilities under the FCRA, On-Site's failure to comply with GBL § 380-j as to plaintiff and the Class has been intentional and willful, or, at the very least, negligent.

54. As set forth hereinbefore, as a result of On-Site's violation of GBL §§ 380-j and 380-k, plaintiff was economically harmed to her detriment, and she is entitled to an award of actual damages in an amount to be shown according to proof pursuant to GBL §§ 380-l and/or 380-m, as well as other the relief set forth below.

55. On-Site's continuing and ongoing failure to comply with GBL § 380-j, will, unless restrained and enjoined, cause similar harms to other consumers and members of the Class herein, and, accordingly, plaintiff and the Class are entitled to  injunctive relief,

as set forth below.

56.  In order to punish such conduct by On-Site, and to deter On-Site and others from engaging in similar practices hereafter, plaintiff and the Class are entitled to an award of punitive damages, under GBL § 380-l, to be distributed to plaintiff and the Class in the manner directed by the Court, as well as the other relief as set forth below.

57.  The plaintiff and the Class are entitled to an award of statutory attorney's fees pursuant to GBL § 380-l.

## AS AND FOR A THIRD CAUSE OF ACTION
### Injunctive Relief

58.  Plaintiff repeats and realleges each allegation set forth in paragraphs 1-57, above, as if fully set forth herein.

59.  As set forth herein, On-Site's conduct, actions and omissions have caused both consumer injury to the plaintiff and members of the Class.

60.  On-Site's continuing and ongoing failure to comply with GBL § 380-j(f)(ii) and 380-k  will, unless restrained and enjoined, cause similar harm to other consumers and members of the Class herein, and, accordingly, plaintiff and the Class are entitled to permanent injunctive relief barring On-Site from preparing and disseminating

17

consumer reports containing possessory judgments which antedate such reports by more than seven years.

**WHEREFORE**, Plaintiff Dawn Massey, on behalf of herself and the Class described herein, demands judgment against On-Site as follows:

a. Certifying this case as a class action and certifying the named plaintiff herein to be an adequate class representative and her counsel to be adequate class counsel;

b. Entering a permanent injunction enjoining On-Site, and its agents and employees, from continuing to prepare and sell credit reports to third parties that include possessory judgments issued more than seven years prior to the date of the report, in violation of GBL § 380-j(f)(ii);

c. Entering a judgment on behalf of plaintiff and the members of the Class, for actual damages proved at trial, or in the alternative, either for statutory damages in an amount not less than $100 and not more than $1,000 pursuant to 15 U.S.C. 1681n;

d. Entering a judgment, on behalf of plaintiff and the Class, for punitive damages, in an amount to be determined following evidence at trial, to be distributed to plaintiff and the Class in a

manner directed by the Court;

e. Entering a judgment awarding plaintiff the costs of this action, together with attorneys fees; and

f. Awarding such other and further relief as the Court finds necessary and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
    May 31, 2011

Respectfully submitted,

**JAMES B. FISHMAN** (JBF-8998)
**KEVIN J. MALLON** (KCM-4798)
FISHMAN & MALLON, LLP
305 Broadway, Suite 900
New York, NY 10007
(212) 897-5840
*www.tenantslaw.net*
Attorneys for the Plaintiff