UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
                                                           : **Case No.:**
DAWN MASSEY,                                 **11-cv-02612 (BMC)**
on behalf of herself and all others            :
similarly situated                                 **MEMORNANDUM IN**
                                Plaintiff,        : **SUPPORT OF THE PARTIES'**
                                                            **JOINT MOTION FOR**
            - against -                      : **PRELIMINARY APPROVAL**
                                                            **OF CLASS SETTLEMENT**
ON-SITE MANAGER, INC.,                :

                                 Defendant.      :

---------------------------------------------------------------- x

      Plaintiff respectfully submits this memorandum in support of the parties' joint motion for an order preliminarily approving the proposed Settlement of this litigation as a Federal Rule of Civil Procedure 23(b)(2) class with notice and the opportunity to opt-out.

      The proposed settlement agreement (the "Settlement") is fair and reasonable to both parties, given the risks of proceeding with a trial in this action. The Settlement, if approved by the Court, would provide each of the 7,261 class members with a recovery of $150.00 (One Hundred Fifty Dollars) and a recovery for the class representative Dawn Massey of $15,000.00 (Fifteen Thousand Dollars), for a total class recovery of $1,104,150 (One Million One Hundred Four Thousand and One Hundred Fifty Dollars). Separate from the class recovery the Settlement provides for payment of class counsel's fees, costs and disbursements, to be approved by the Court, in an amount of no more than $405,000.00 (Four Hundred and Five Thousand Dollars).

      Submitted herewith is the parties' Settlement Agreement, with its accompanying exhibits of notices and proposed orders, that detail the accord reached by the parties.

### A. Background of this Litigation.

As the Court is aware, the plaintiff brought this action on June 1, 2011 alleging that defendant, a consumer reporting agency, had a practice of reporting housing court records which pre-dated the consumer reports it issued by more than seven years. Plaintiff alleged that by engaging in this conduct the defendant willfully violated 15 U.S.C. § 1681c(a)(2) of the Fair Credit Reporting Act, ("FCRA") (15 U.S.C. § 1681 *et seq.*). Defendant acknowledged that such reports were issued but argued that it was not their policy to issue reports containing such information and denied any legal liability under the FCRA.

### B. Litigation of the Case

Following the commencement of this action, the parties held an initial conference with the Court on August 1, 20111. Thereafter the parties engaged in motion practice and discovery. On August 5, 2011 defendant moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint on the grounds that plaintiff signed a waiver releasing defendant from all liability for any violation of the Fair Credit Reporting Act. On September 15, 2011, after receiving briefing from the parties, the Court issued a written order denying defendant's motion.

Following service of Defendant's answer, the parties commenced discovery, including five depositions of party witnesses. The parties also proffered and responded to extensive interrogatories, and defendant produced, and plaintiff's counsel reviewed, over 38,000 pages of documents and computer records.

On February 1, 2012, plaintiff moved for class certification pursuant to Fed. R. Civ. P. 23. Defendant filed its opposition to the motion on February 17, 2012 and plaintiff filed a reply brief and supporting documents on March 2, 2012. On June 24, 2012 the Court issued an Interim Order requiring further briefing on the motion for class certification. Both parties filed additional

briefs on July 2, 2012 and replies on July 5, 2012.  On August 24, 2012, the Court issued an order granting plaintiff's motion for class certification with some minor alterations to the requested class definition.

On September 4, 2012 defendant filed a request for a pre-motion conference for its proposed Motion for Summary Judgment.  The Court held a hearing on September 20, 2012 on the defendant's pre-motion conference and the parties also submitted a preliminary proposed joint pre-trial Order at that time.

### C. The Settlement Process

Immediately after the September 20, 2012 pre-motion conference with the Court the parties met with Magistrate Judge Marilyn Go for a settlement conference.  The parties negotiated until after 8 p.m. that evening and were able to make progress on a potential settlement but ultimately were unable to resolve the case at that time.  The parties and Judge Go thought another conference would be productive, and a second conference with Judge Go took place on September 24, 2012.  The parties were able to come to an agreement in principal at that time.

Yet, even upon reaching an agreement in principal, additional issues remained unresolved, primarily involving the defendant's demand that class members be required to submit a claim form to receive compensation from the settlement and issues relating to a sub-class of consumers where only a "summary report" was issued which did not specifically contain any obsolete information, but in some (but not all) cases referenced the existence of obsolete information (hereinafter the "sub-class").  Those issues were ultimately resolved and the parties reached the proposed agreement described below.

**D. The Proposed Settlement Agreement**

The proposed Settlement provides for payment of $150 to each of the 7,261 class members and an incentive award to the named plaintiff of $15,000. The total class compensation will thus be $1,104,150.00 (One Million One Hundred Four Thousand and One Hundred Fifty Dollars). Class members will be provided with direct mail notice with an opportunity to "opt out" of the class. Only members of the sub-class or those who need to be reached via "skip tracing" (i.e. using private databases to locate class members when the class notice is returned as undeliverable) will be required to mail in a claim form to obtain their $150 recovery. A claim form will be used for the sub-class because it is not clear that each member of the sub-class would otherwise meet the class definition as defined by the Court since no obsolete information was directly provided on the "summary reports" issued on their behalf. Class members reached via a "skip trace" will need to file a claim form because of the risk that notice was mailed to the wrong person. Members of the class not belonging to the sub-class will not be required to provide a claim form in order to obtain a recovery from the settlement – a check will be sent to them unless they opt out of the class.

The $150 figure represents more than the minimum statutory penalty amount available to these class members under 15 U.S.C. § 1681n(a)(1)(A)[1] – the recovery section for "willful" violations of the FCRA. Since proof of actual injury is difficult in this case (and the defendant provided evidence during the briefing on class certification that would appear to indicate that the vast majority of class members would be unable to establish actual injury) and there is no guarantee plaintiff would be able to prove willfulness at trial (or survive a potential summary judgment motion), the parties believe that amount is more than fair and reasonable under the

---

[1] Pursuant to that section, statutory damages of between $100 and $1000 can be awarded where a willful violation has been established.

circumstances presented here. The remainder of any unclaimed funds will revert back to the defendant under the terms of the settlement agreement. Defendant further agrees to pay all costs associated with administering the settlement, which the parties estimate will cost approximately $30,000.

Finally, the Settlement provides that defendant will pay up to $405,000 in attorney's fees and costs, which represents less than 27% of the total settlement amount, exclusive of administrative costs. This sum is not drawn from the class fund but is instead above and beyond the class fund. Plaintiff's counsel's lodestar calculation, as of the date of filing this motion, is at least $210,000, and thus the proposed and agreed fees represent a multiplier of approximately 1.9 times the lodestar, not inclusive of additional fees which Class Counsel will be required to expend in enforcing this proposed settlement.

*   *   *

Given that core goals of the litigation have now been achieved and in light of the litigation risks further prosecution of this action would entail, plaintiff respectfully requests that the Court: (1) preliminarily approve the proposed Settlement; (2) approve the proposed form and method of notice to the settlement class (discussed below); and (3) schedule a hearing at which the Court will consider final approval of the Settlement.

## ARGUMENT

### A. General Governing Principles

In determining whether preliminary approval is warranted, the sole issue before the Court is whether the proposed settlement is within the *range* of what might be found fair, reasonable and adequate, so that notice of the proposed settlement should be given to class members, and a hearing scheduled to consider final approval. The Court's obligation is to review the proposal

preliminarily to determine whether it is sufficient to warrant public notice and a hearing. If so, the final decision on approval is made after the hearing. Manual for Complex Litigation, Fourth, § 13.14, at 172-73 (Fed. Jud. Ctr. 2004) ("Manual Fourth"). The Court is not required at this point to make a final determination:

> The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing.

Id. at § 21.632, at 321. Preliminary approval is the first step in a two-step process required before a class action may be settled. Id., at 320. First, courts make a preliminary evaluation of the fairness of the settlement, prior to notice. Id., at 320-21. In some cases this initial assessment can be made on the basis of information already known to the court which may be supplemented by briefs, motions and an informal presentation from the settling parties. Id.

There is an initial presumption that a proposed settlement is fair and reasonable when it is the result of arm's length negotiations. See Newberg on Class Actions § 11.41 at 11-88 (3d ed. 1992). The proposed Settlement here is the result of lengthy and contested litigation and complex arm's-length negotiations between all parties. Counsel on both sides here are experienced and thoroughly familiar with the factual and legal issues presented. Courts recognize that the opinion of experienced and informed counsel supporting settlement is entitled to considerable weight. See In re Global Crossing. Sec. & ERISA Litig., 225 F.R.D. 436, 461 (S.D.N.Y. 2005).

"Once the judge is satisfied as to the certifiability of the class and the results of the initial inquiry into the fairness, reasonableness, and adequacy of the settlement, notice of a formal Rule 23(e) fairness hearing is given to the class members." Manual Fourth at § 21.633, at 321. Preliminary approval permits notice to be given to the class members of a hearing on final settlement approval, at which class members and the settling parties may be heard with respect to

final approval. Id., at 322. As explained above, the proposed Settlement now before this Court and on file herein falls squarely within the range of reasonableness warranting notice apprising class members of the Settlement and establishing a hearing on final approval.

In its leading decision, <u>City of Detroit v. Grinnell Corp</u>., 495 F.2d 448, 463 (2d Cir. 1974), the Second Circuit listed the following factors that courts should consider in deciding whether to preliminarily approve a proposed class settlement:[2]

**The complexity, expense and likely duration of the litigation.** This action is one of the first of its kind in this Circuit, or indeed in the country. Class counsel, who are amongst the most experienced FCRA litigators in the country, have discussed the issues involved here with nearly all of the other prominent FCRA attorney's nationwide and are not familiar with any other class action brought alleging FCRA "obsolescence" claims. Many of the issues presented here, such as the meaning of "date of entry" in 15 USC § 1681c(a)(2), the potential waiver of FCRA claims as a result of an application signed by plaintiff whose plain language released defendant from any FCRA liability, and the procedural issues of certifying a nationwide class action involving numerous differences in state court laws and the procedures of state and local courts throughout the country, were novel and complex. In fact, to the best knowledge of Class Counsel, only a handful (or less) of national FCRA class actions have ever been successfully prosecuted, and not many more such statewide class actions have been successfully prosecuted.

The case was litigated by the parties for over 16 months and was set for trial on November 5, 2012. The likelihood of an appeal from the losing party at trial was also significant given many of the novel procedural and substantive issues involved in this action.

---

[2] The Grinnell factors are still used to "examine the fairness, adequacy, and reasonableness of a class settlement" in the Second Circuit. Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 117 (2d Cir. 2005).

**The reasonableness of the proposed class settlement in light of the likelihood of liability being imposed on Defendant and the probable range of remedies.** The proposed Settlement meets the criteria for notice and is well within the range of what might be approved as fair, reasonable and adequate.

While the plaintiff has always contended that the defendant's violations of the FCRA were clear, there is a very high burden in proving a willful claim, particularly where the defendant's stated policy was to limit the reporting of housing court records to seven years. Further, the remedies available to a class for such violations were never easy to quantify, particularly where defendant had evidence that that many, if not the majority, suffered no adverse effects even with the reporting of obsolete information. Thus, the parties contend that a settlement providing class members with *more* than the minimum statutory penalty, without the risk of proceeding to trial where liability was far from certain, is more than reasonable. Plaintiffs' counsel urge preliminary approval of the proposed Settlement based upon their experience, their knowledge of the strengths and weaknesses of the case, their analysis of the discovery in the case, the likely recovery at trial and on appeal, and all the other factors considered in evaluating proposed class action and consumer protection-related settlements.

B. **The Proposed Form of Notice and Methods of Dissemination Should Be Approved**

Under Rule 23(c)(2)(a) of the Federal Rules of Civil Procedure, in a (b)(2) class, notice may be directed "as appropriate" and for settlement of claims, Rule 23(e)(1)(B) requires notice "in a reasonable manner to all class members who would be bound...." Generally, the "mechanics of the notice process are left to the discretion of the court subject only to the broad

'reasonableness' standards imposed by due process." Grunin v. International House of Pancakes, 513 F.2d 114, 121 (8th Cir.), cert. denied, 423 U.S. 864 (1975). Here, plaintiffs propose direct mail notice to each and every member of the class via first class mail.

Additionally, the proposed form and manner of notice – utilization of plain English summary notices fully complies with the requirements of Rule 23(b)(2)(B) and due process. Moreover, the Second Circuit has held that Rule 23 accords considerable discretion to a district court in fashioning notice to a class. In re Agent Orange Prods. Liab. Litig., 818 F.2d 145, 168 (2d Cir.1987). When exercising their discretion, courts have approved notice programs that include the information required by Rule 23 and also "'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with [the] proceedings.'" Weinberger v. Kendrick, 698 F.2d 61, 70 (2d Cir. 1982)(citing Grunin, supra, 513 F.2d at 122). This does not require that the notice be highly specific, and indeed "'numerous decisions, no doubt recognizing that notices to class members can practically contain only a limited amount of information, have approved 'very general description[s] of the proposed settlement.'"" In re PaineWebber, Ltd., Partnerships Litig., 171 F.R.D. 104, 124 (S.D.N.Y.1997)(quoting Weinberger, 698 F.2d at 70)(other citation omitted). Best practices increasingly recognize the value of simple, plain language notices, in contrast to the lengthy, legal and all-inclusive "tombstone" notices of several years ago.

The notice program proposed in this action fulfills the requirements set forth in Rule 23 by informing those members of the Class that can be identified through reasonable effort of: (a) the existence of the case; (b) the opportunity to be excluded from the Class; (c) the terms of the Settlement; (d) the time and place of the hearing on the Settlement; and (e) the opportunity to

appear and be heard regarding the proposed Settlement. Accord In re Prudential Sec. Inc. Ltd. Pshps. Litig., 163 F.R.D. 200, 210 (S.D.N.Y. 1995); In re Michael Milken & Assocs. Sec. Litig., 150 F.R.D. 57, 60 (S.D.N.Y. 1993); Gottlieb v. Wilas, 11 F.3d 1104, 1012-13 (9th Cir. 1993). Moreover, the notice fairly apprises the Class members of the terms of the Settlement. Finally, the notice complies with due process because it affords interested Class members a reasonable time to make their appearance and be heard if they so desire.

In sum, the proposed notice program is the best notice practicable and satisfies the content requirements in this Circuit. Accordingly, the proposed notice and notice program are more than adequate and should be approved.

## CONCLUSION

For all the foregoing reasons, plaintiffs respectfully request that the Court grant this joint motion for class certification and preliminary approval of the proposed Settlement with defendant.

Dated: October 24, 2012

                    Respectfully submitted,

                    s/ Kevin C. Mallon
                    James B. Fishman (JBF-8998)
                    Kevin C. Mallon (KCM-4798)
                    FISHMAN & MALLON, LLP
                    305 Broadway, Suite 900
                    New York, NY 10007
                    (212) 897-5840
                    Attorneys for the Plaintiff


                    s/ Brett A. Scher
                    Brett A. Scher
                    Kaufman, Dolowich, Voluck & Gonzo, LLP
                    135 Crossways Park Drive, Suite 201
                    Woodbury, New York 11797