UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                          :  **Case No.:**

DAWN MASSEY, on behalf of herself and    **11-cv-02612 (BMC)**
all others similarly situated,                                      :

                                                                    ORDER GRANTING PRELIMINARY
                            Plaintiff,      :  APPROVAL OF CLASS ACTION
                                                                        SETTLEMENT

                    - against -                        :

ON-SITE MANAGER, INC.,                         :

                              Defendant.      :

-----------------------------------------------------------------x

## PRELIMINARY APPROVAL ORDER OF THE CLASS ACTION SETTLEMENT

This matter comes before the Court on the joint request (the "Joint Motion") of Dawn Massey and a class of persons similarly situated (collectively, "Plaintiffs" or "Class Members"), on the one hand, and On-Site Manager, Inc. ("Defendant" or "On-Site Manager"), on the other, for preliminary approval of the Class Action Settlement Agreement (the "Agreement"), dated October 24, 2012. The Court has reviewed the Agreement and its attached exhibits, and the Joint Motion and its attached exhibits and, good cause appearing,

**IT IS HEREBY ORDERED AS FOLLOWS:**

Definitions. For the purposes of this Order, the Court adopts by reference the definitions set forth in the Definitions section and throughout the Agreement, which is attached to the Joint Motion as **Exhibit A.**

Preliminary Approval. The Court preliminarily approves the Settlement of the Action as set forth in the Agreement and exhibits thereto as being fair, reasonable, and adequate to the Parties. Specifically, this Court finds that: 1) based upon the risk of a

1

failure to prove that defendant willfully violated the Fair Credit Reporting Act and the risk of an award to Class Members of less than $150 per Class Member, settlement of this case for a recovery of $150 per Class Member, plus the costs of notice and distribution, constitutes a fair and reasonable settlement; 2) payment to the Class Representative, Dawn Massey, of $15,000 (Fifteen Thousand Dollars) for statutory damages and for her role in this litigation is fair and reasonable; and 3) a separate payment to Class Counsel of fees and costs in the amount of $405,000 (Four Hundred Five Thousand Dollars), which is not taken from any recovery to the Class Members, is fair and reasonable for the services provided by Class Counsel in this case and continuing until a Final Judgment Order is entered.

If the above Settlement is not given final approval for any reason or in any way, or the Effective Date does not occur, or the Agreement is rescinded and terminated, the Parties shall be restored to their respective positions in the Action as of the approximate date prior to which the agreement-in-principle to settle the Action was reached. In such event, the terms and provisions of the Agreement shall have no further force and effect with respect to the Parties, shall be deemed to be without prejudice in any way to the position of the Parties with respect to this Action or any other action, and shall not be used in the Action or in any other proceeding for any purpose, except as provided in the Agreement or herein.

On August 24, 2012 the Court issued an Order certifying the following class:

> All persons who were the subject of a consumer report, prepared within the two years prior to the initiation of this action, which included either: a) records of a civil court action filed anywhere in the country which did not result in a judgment which commenced more than seven years prior to the report, or b) a judgment arising from a judicial eviction proceeding which predated such report by more

> than seven years where the judgment was issued in Arizona, Pennsylvania, Nevada or Mississippi and has not been renewed, or c) a New York judgment arising from a judicial eviction proceeding, which contained no monetary award and predated the report by more than seven years.

The Court also appointed Fishman & Mallon, LLP to serve as Class Counsel in that Order.

Settlement Hearing. A Settlement Hearing will be held on February 11, 2013, at 2:00 p.m. at which time the Court will determine whether the Agreement, including the Parties' proposed method of allocation and Class Counsel's application for attorneys' fees should be finally approved as fair, reasonable, and adequate and whether Final Judgment should be entered. The Court may adjourn or continue the Settlement Hearing without further notice to the Class Members.

Form and Content of Notice. The Court approves, as to form and content, for distribution to Class Members, the Notices in the forms of **Exhibit A-2 and A-3** attached to the Agreement, subject to the revisions discussed during the November 13, 2012 hearing.

Mailed Notice. Defendant must provide the Settlement Administrator with the class list in computerized form usable without manual reentry by November 27, 2012. Defendant will cause the Settlement Administrator to mail Notices by first class mail to Class Members by December 13, 2012. Defendant's counsel shall file with the Court no later than February 4, 2013 an affidavit or declaration (if applicable, from the Settlement Administrator) stating that the mailings have been completed in accordance with the terms of this Preliminary Approval Order.

Best Practicable Notice. The Court finds that dissemination of the Notices in the manner described herein constitutes the best notice practicable under the circumstances to potential Class Members and complies fully with Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law. No further notices to the Class Members are required.

Requests for Exclusion. Any Person may seek to be excluded from the Agreement. Any Person so excluded shall not be bound by the Agreement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent to the Settlement Administrator and postmarked no later than January 28, 2013. To be effective, the request for exclusion must make clear that exclusion is sought by stating "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN MASSEY v. ON-SITE MANAGER, INC." or words to that effect. The request for exclusion must also contain the excluded Person's name and address, and the request must be signed by that Person or, if other than a natural person, by an authorized representative of the Person. The Settlement Administrator shall provide copies of any and all requests for exclusion to Defendant's counsel and to Class Counsel and, no later than February 6, 2013, Class Counsel shall file and serve a list of all individuals or entities who timely and effectively request exclusion.

Objections. Any Class Member who objects to the Agreement shall have a right to appear and be heard at the Settlement Hearing provided that such Person files with the Court and delivers to designated Class Counsel and Defendant's counsel a written notice of objection no later than January 28, 2013. Any Person who objects to the Agreement

must file a statement of reasons as to why he or she is objecting to the Agreement, of no more than 15 pages, with the Clerk of the Court and deliver same to Class Counsel and Defendant's counsel. Class Counsel and Defendant's counsel may, but need not, respond to the objections, if any, by means of a memorandum of law of no more than 15 pages filed and served no later than February 6, 2013. The manner in which a notice of objection should be prepared, filed, and delivered shall be stated in detail in the Notices. Only Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise. Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the Agreement unless otherwise ordered by the Court.

Defendant's Denial of Liability. The Court notes that Defendant denies any liability to Plaintiffs or to Class Members for any matter whatsoever. Without conceding any infirmity in its defenses, and while continuing to deny all allegations of liability, Defendant considers it desirable that the Action be dismissed and that the claims against Defendant be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendant arising from the acts, transactions, or occurrences alleged in the Action.

Extension of Deadlines. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class Members.

Deadline for Opt-Outs. To be legally effective, all requests for exclusion described above, must be postmarked on or before January 28, 2013.

<u>Deadline for Objections</u>. Class Member objections, as described above, must be delivered to Class Counsel and Defendants' counsel and filed with the Court on or before January 28, 2013. Objections not filed and served in a timely manner shall be deemed waived.

<u>Deadline for Submitting Claim Forms</u>. Pursuant to the Agreement, certain Class Members must submit a claim form in order to receive their monetary share of the settlement distribution, including members of the Claim Form Sub-Class and Class Members who are located by the Settlement Administrator using "skip tracing." These Class Members must return a fully-executed claim form to the Settlement Administrator, which must be postmarked by January 28, 2013.

SO ORDERED this 16th day of November, 2012.

s/ BMC

_____
Brian M. Cogan, U.S.D.J.