UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
DAWN MASSEY, : Case No.:
on behalf of herself and all others : 11-cv-02612 (BMC)
similarly situated :
                          Plaintiff, :

- against - :

ON-SITE MANAGER, INC., :

                          Defendant. :
-------------------------------------------------------------------- x

## FINAL APPROVAL ORDER OF JUDGMENT OF
## THE CLASS ACTION SETTLEMENT

This matter comes before the Court on the joint request of Plaintiff and a class of persons similarly situated (collectively, "Plaintiffs" or "Class Members") and Defendant for final approval of the Class Action Settlement Agreement (the "Agreement"), dated October 24, 2012.

The total number of Class Members is 7,259.

The No Claim Form Sub Class consists of 5,662 Class Members.

The Claim Form Sub Class consists of 1,596 Class Members.

Based upon an affidavit of the Class Administrator notice was sent by first class mail to Persons at their last known mailing address using Accessible Contact Information. Defendant provided the Class Administrator with the name and last known address of each of the Class Members. Prior to mailing notice, the Class the Administrator processed the list through the Coding Accuracy Support System (CASS) and the NCOA (Nation Change of Address) update process of the U.S. Postal Service. After this process

mailings sent to 2,560 members of the No Claim Form Sub Class were unable to be reached. Of the 1,597 members of the Claim Form Sub Class, 720 Class Members were unable to be reached.

As of the date of this Order, 39 Claim Forms had been properly executed and returned, one Class Member had opted out of the class, and there have not been any objections to the Settlement by any Class Member.

The Court being duly advised, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. <u>Definitions</u>. For the purposes of this Judgment and Order of Dismissal (the "Judgment"), the Court adopts by reference the definitions set forth in the Definitions section and throughout the Class Action Settlement Agreement (the "Agreement"), dated October 24, 2012, attached as <u>Exhibit A</u> to the Parties' Motion for Preliminary Approval.

2. <u>Notice</u>. The Court finds that the distribution of the Notice as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

3. <u>Final Approval</u>. The Court finds that the Settlement is fair, reasonable, and adequate, and accordingly, the Court approves the Settlement and directs that the Parties implement it, as follows:

a. The Parties are directed to implement the Settlement in accordance with its terms. Payment of $15,000 shall be made to Dawn Massey, the Class Representative. Payment of $150 shall be made to members of the No Claim Form Sub Class who were able to be located and who did not opt out of the Settlement and to each Member of the Claim Form Sub Class who properly executed and timely returned a Claim Form.

b. Settlement checks to the Class Members shall expire 90 days from the date they are issued and notice of such expiration shall appear on the face of the checks. To the extent that there are any funds from un-cashed, expired Settlement Checks, an amount equal to the amount of such un-cashed checks will be returned to the Defendant.

c. Except as to any individual claim of those Persons, who have timely and effectively requested exclusion from the Settlement Class, the Court hereby dismisses with prejudice the Action, all claims contained therein, and all Released Claims against the Defendant and its Related Parties.

d. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

e. Upon the Effective Date, the Class Representative and all Class Members, who have not timely and effectively requested exclusion from the Class, shall be deemed to have, and by operation of law shall have, fully, finally, and forever released and discharged all Released Claims against each and all of the Defendant and its Related Parties.

4. <u>Injunction</u>. The Court bars and permanently enjoins all Class Members, except those who timely and effectively requested exclusion from the Settlement, from instituting or prosecuting any action or proceeding, whether class or individual, against Defendant and its Related Parties for liability in any way related to, arising out of, or based upon the Released Claims during the relevant class period.

5. <u>Defendant's Denial of Liability</u>. The Court notes that Defendant denies any liability to Plaintiff or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendant considers it desirable that the Action be dismissed and that the claims against Defendant be released, on the terms set forth in the Agreement, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendant arising from the acts, transactions, or occurrences alleged in the Action.

6. <u>Jurisdiction</u>. The Court finds that it has jurisdiction over the subject matter of the Action, the Class Representative, the other Class Members, and Defendant. Without affecting the finality of the Judgment, the Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Agreement or Judgment.

7. <u>Attorneys' Fees</u>. The Court awards to Class Counsel, Attorneys' Fees and costs in the amount of $405,000, after reviewing Class Counsel's declarations for fees submitted to the Court. Defendant does not contest this award.

8. <u>Timing of Payments or Consideration</u>. No later than 5 days after the Entry of Judgment becomes final, Defendant shall provide the Class Administrator with sufficient funds to provide relief to all eligible Class Members and pay $15,000 to Dawn Massey and $405,000 to Class Counsel for Attorneys' Fees.

9. <u>Entry of Judgment</u>.  There being no just reason to delay entry of this Judgment, the Clerk of the Court is ordered to enter this Judgment forthwith.

SO ORDERED this 27 day of February

S/Brian M. Cogan
Brian M. Cogan, U.S.D.J.

5