```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
DAWN MASSEY, individually and on behalf of                        :
all others similarly situated,                                    :    **MEMORANDUM**
                                                                  :    **DECISION AND ORDER**
                            Plaintiff,                            :
                                                                  :    11 Civ. 2612 (BMC)
            - against -                                           :
                                                                  :
ON-SITE MANAGER, INC.,                                            :
                                                                  :
                            Defendant.                            :
----------------------------------------------------------------- X
```

**COGAN**, District Judge.

By letter dated June 7, 2013, Reinaldo Perez, a member of the certified class in this action, sought to opt out of the class action settlement that the Court approved in a Final Approval Order dated February 27, 2013. For the reasons set forth below, Perez's request is denied.

## BACKGROUND

On August 24, 2012, the Court granted plaintiff's motion for class certification and, pursuant to Rule 23, certified the following class:

> All persons who were the subject of a consumer report, prepared within two years of the initiation of this action, which included either: a) records of a civil court action filed anywhere in the country which did not result in a judgment and which was commenced more than seven years prior to the report; or b) a judgment arising from a judicial eviction proceeding which predated such report by more than seven years where the judgment was issued in Arizona, Pennsylvania, Nevada, or Mississippi and has not been renewed; or c) a New York judgment arising from a judicial eviction proceeding, which contained no monetary award and predated the report by more than seven years.

The parties later reached an agreement to settle the action and submitted a joint motion for preliminary approval of the class settlement and approval of the class notice plan.

The Court granted preliminary approval to the parties' settlement and notice plan in Order dated November 19, 2012 and an Amended Order dated December 4, 2012. Pursuant to the terms of the parties' settlement and notice plan, notice of the settlement was mailed to class members directly. Most members of the class did not need to submit a claim form in order to receive payment from the settlement fund (the "No Claim Form Subclass"). A class member only needed to submit a claim form if (1) his address was different from the address in defendant's records or (2) it was not clear if the class member fell within the class definition. The Court's Orders also provided that any class member who wished to opt-out from the class settlement had to send a request for exclusion to the settlement administrator postmarked no later than February 7, 2013.

On February 21, 2013, the Court held a fairness hearing and granted plaintiff's motion for final approval of the settlement. The Court subsequently entered a Final Approval Order on February 27, 2013. At the time the Court granted final approval of the settlement, no class members had objected to the settlement and only one class member – not Perez – had requested exclusion.

Perez was a member of the No Claim Form Subclass. He failed to opt-out of the settlement by the February 7, 2013 deadline. Perez claims that he never received the class notice or any notification of this litigation prior to receiving a $150 check from the settlement fund in March 2013.[1] Perez has not cashed or deposited the settlement check and now – four months

---

[1] Plaintiff's counsel notes that he received "dozens of calls" from class members claiming that the settlement check was the first notice of the lawsuit that they received.

2

after the deadline for submitting requests for exclusion – seeks "permission to opt out of the class action settlement." According to the settlement administrator, a copy of the class notice to was mailed to Perez at the same address where his settlement check was later mailed and which Perez currently lists as his address. Perez's class notice was not returned as undeliverable.

## DISCUSSION

"On a motion for late opt out, a district court must determine whether the movant's neglect was excusable, and whether either party would be substantially prejudiced by the court's action." In re Adelphia Commc'ns Corp. Sec. & Derivative. Litig., 271 F. App'x 41, 43 (2d Cir. 2008) (citing Supermarkets Gen. Corp. v. Grinnell Corp., 490 F.2d 1183 (2d Cir. 1974)). "Excusable neglect may be found where the relevant circumstances reveal inadvertent delays, mistakes, or carelessness. . . . To establish excusable neglect, however, a movant must show good faith and a reasonable basis for noncompliance." In re PaineWebber Ltd. P'ships Litig., 147 F.3d 132, 135 (2d Cir. 1998).

"[A] finding of excusable neglect is essentially an equitable determination" and courts consider the following factors in determining whether neglect was excusable:

> (1) the danger of prejudice to the party opposing the extension, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the party seeking the extension, and (4) whether the party seeking the extension acted in good faith.

In re Worldcom, Inc. Sec. Litig., No. 02 Civ. 3288, 2005 WL 1048073, at *6 (S.D.N.Y. May 5, 2005) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 607 U.S. 380, 113 S. Ct. 1489 (1993)). The Second Circuit has "taken a hard line" in applying this test and focuses on the reason for the delay in determining whether the neglect was excusable. In re Enron Corp., 419 F.3d 115, 122 (2d Cir. 2005).

Here, Perez has not argued that the notice given to the class did not satisfy due process requirements. He only claims that he did not actually receive the notice that would have timely advised him of the February 7, 2013 opt out deadline. Although the Court would conclude that these circumstances constitute excusable neglect if Perez had sought permission to opt out immediately upon receiving the settlement check, he did not do so.

Rather, Perez admits that he received the settlement check at some point in March 2013, but did not request to opt-out of the settlement class until June 7, 2013 – between two and three months later. Although Perez contacted plaintiff's counsel at some point prior to submitting his exclusion request, Perez has not offered any explanation for his delay in seeking exclusion. See In re PaineWebber, 147 F.3d at 135-36 (affirming the district court's holding that there was no excusable neglect where, although movant was hospitalized during the opt-out period, he failed to offer a valid explanation for delaying nine months after his release from the hospital before seeking exclusion). Even though Perez's delay in seeking exclusion was not especially lengthy, courts have concluded that even delays of as little as one month after learning of a settlement can preclude a finding of excusable neglect. See In re Adelphia, 271 F. App'x at 44 (holding that the district court did not abuse its discretion in finding that movant "did not demonstrate excusable neglect because, despite the fact it was aware of the settlement only one day after the opt out deadline, it still waited a full month to file its motion for an extension of time.").

Finally, Perez is not prejudiced by the Court's denial of his untimely request for exclusion. Perez has received a settlement check for $150, an amount within the range of statutory damages to which he would be entitled if he brought his own action against defendant and prevailed. See 15 U.S.C. § 1681n(a). Defendant, on the other hand, would be prejudiced if the Court were to grant Perez's exclusion request as it would set a precedent for other class

members to seek late exclusion based solely on their statements that they did not receive the settlement notice. Consequently, defendant would lose at least some measure of the finality and repose it secured through the settlement

## **CONCLUSION**

Perez's request to opt out of the settlement class [75] is denied.

**SO ORDERED.**

                                                                                  U.S.D.J.

Dated: Brooklyn, New York
       June 19, 2013